UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMANTHA LYNN CLARK,<br>Plaintiff,<br>v.<br>THE CORRIDOR HOUSING,<br>Defendant. | CASE NO. 3:26-cv-05736-LK<br><br>ORDER DISMISSING COMPLAINT |

This matter comes before the Court sua sponte. On July 20, 2026, Magistrate Judge David W. Christel granted Plaintiff Samantha Lynn Clark's application to proceed in forma pauperis under 28 U.S.C § 1915(a)(1). Dkt. No. 6. The Court now reviews Clark's complaint under 28 U.S.C. § 1915(e)(2)(B) and determines that it fails to state a claim on which relief may be granted and therefore must be dismissed.

## I. BACKGROUND

Clark has filed several cases in this district in the past year, including a case before Judge Benjamin H. Settle involving similar alleged events, which was dismissed under 28 U.S.C.

§ 1915(e)(2)(B). *See Clark v. Corridor Housing et al.*, 3:25-cv-06122-BHS, Dkt. No. 8 (W.D. Wash. Mar. 9, 2026). The court granted Clark leave to amend, which she did not do, resulting in her complaint being dismissed without prejudice. *Id.*, Dkt. No. 9.

In her complaint before this Court, Dkt. No. 7,[1] Clark names The Corridor Housing as the defendant and alleges violation of the "Americans with Disabilities Act, 42 U.S.C 3604 (f) (3)(B)" and "Federal fair housing act 42 u.s.c 3601 3619, 3604 (discriminatory practices) 3617 (retaliation/harassment)," *id.* at 2–3; *cf. Clark v. Corridor Housing et al.*, 3:25-cv-06122-BHS, Dkt. No. 4 at 2–3 (W.D. Wash. Mar. 9, 2026) (complaint naming Corridor Housing, Cambridge Management, and an individual as defendants, and claiming violation of the Fair Housing Act, Americans with Disabilities Act, and Violence Against Women Act). Her complaint here comprises a five-page, filled-in template for filing a civil action and over 90 pages of, among other things, screenshots of emails and text messages and scans of court orders, a lease, and a handwritten letter; several of the scanned documents include handwritten notes. *See generally* Dkt. No. 7. In a document labeled "Praecipe," Dkt. No. 9, Clark submitted a seven-page "supplemental declaration" and 30 pages of supporting material, consisting of screenshots of emails and text messages and scans of police reports and court orders (including Judge Settle's dismissal order referenced above, *see id.* at 31–34). The "Praecipe" also includes as an exhibit what appears to be another complaint against The Corridor Housing alleging negligence and violation of the Fair Housing Act. Dkt. No. 9-1 at 3.

---

[1] As explained below, Clark has purported to amend her complaint multiple times, but she is only permitted to amend "once as a matter of course" without leave from the Court for any additional amendment. Fed. R. Civ. P. 15(a)(1)–(2); *see* Charles Alan Wright & Arthur R. Miller, 6 Fed. Prac. & Proc. Civ. § 1480 (3d ed. 2026) (Permitting "only one amendment without leave of court seems to be a sound limitation on the practice" because an "unrestricted right to amend as of course easily might become a source of abuse either by encouraging shabby pleading techniques or by providing a potential source of harassment."). Because Clark did not obtain leave to file any subsequent complaints, the Court STRIKES them from the docket. Dkt. Nos. 14–15.

Clark then filed two motions to stay proceedings, requesting that the Court provide her "additional time to review, organize, and compile exhibits and supporting documentation" and to permit her "to file a revised amended pleading following the stay[.]" Dkt. Nos. 10 & 11 at 4. The two motions are identical, except that the second includes as an exhibit a document titled Amendment to Complaint and Request for Service, which seeks to add Cambridge Management as a defendant and requests that the Court order the U.S. Marshals to serve both The Corridor Housing and Cambridge Management. Dkt. No. 11-2.

Clark appears to have been nearly evicted from her apartment but eventually was reinstated; it seems that she then requested a reasonable accommodation for an unspecified disability but did not receive the requested new apartment unit. Dkt. No. 7 at 4. She vaguely alleges harassment, stalking, and unwanted surveillance, and describes mental health challenges. Dkt. No. 9 at 3–6. She describes strange incidents in which her car inexplicably changed from orange to red, *id.* at 3, and when she became ill after drinking items in her refrigerator, resulting in a positive narcotics drug screen even though she did not consume drugs, *id.* at 5–6. These fantastical allegations in her filings appear highly similar to those described in Clark's prior case before Judge Settle. *See Clark v. Corridor Housing et al.*, 3:25-cv-06122-BHS, Dkt. No. 8 at 3 (W.D. Wash. Mar. 9, 2026) (dismissal order).

In sum, Clark has filed several disorganized documents with the Court describing a near-eviction and request for a new apartment unit, vaguely alleging unwanted surveillance and harassment, and describing mental health challenges. She appears to request additional time to amend her complaint to better organize her allegations.

## II. DISCUSSION

### A. Legal Standard

The Court must dismiss a case when the plaintiff is proceeding IFP "at any time" if it determines that the complaint is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The standard for determining whether a plaintiff has failed to state a claim under Section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Although the Court construes pro se complaints liberally, *see Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003), such complaints must still include "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). A plaintiff's pro se status does not excuse compliance with this bedrock requirement. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000) (explaining that the lenient pleading standard does not excuse a pro se litigant from meeting basic pleading requirements); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (although the court has an obligation to liberally construe pro se pleadings, it "may not supply essential elements of the claim that were not initially pled" (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982))). Rule 8(a)'s standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"Rule 8(a) has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." *Cafasso, U.S. ex rel. v. Gen. Dyanics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citation modified). The Ninth Circuit has held that dismissal for failure to comply with Rule 8 is proper where "the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). The Supreme Court has also stated that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

**B. Clark Has Failed to State a Claim**

Clark's proposed complaint does not articulate sufficient facts to state a plausible claim under Rule 8(a). She does not adequately explain how the defendant's (or defendants') actions violated her rights under the Fair Housing Act or Americans with Disabilities Act. The Court is unable to draw any inferences of the defendant's liability for the alleged misconduct. Instead, her complaint and other filings, Dkt. Nos. 7, 9–11, are "confused," *Cafasso*, 637 F.3d at 1059, and make it "difficult to determine just what circumstances were supposed to have given rise to the various causes of action," *McHenry*, 84 F.3d at 1178. Further, several parts of Clark's supplemental declaration, Dkt. No. 9, "rise to the level of the irrational or the wholly incredible," *Denton*, 504 U.S. at 32–33, and thus appear factually frivolous. For these reasons, her complaint fails to state a claim on upon which relief may be granted and must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

In general, leave to amend is freely given, *see* Fed. R. Civ. P. 15, and the Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). Clark may submit an amended complaint **within 21 days of this order** to articulate more clearly how the defendant or defendants violated her rights. The filing of an amended complaint will supersede all previous complaints, so Clark should ensure that her amended complaint contains all intended allegations. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (noting the "well-established doctrine that an amended pleading supersedes the original pleading"). Any amended complaint must clearly set forth the "who, what, where, when, and why" necessary for the Court and defendants to understand what Clark is alleging, and against whom. *See* Fed. R. Civ. P. 8(a); *Twombly*, 550 U.S. at 565 n.10; *Iqbal*, 556 U.S. at 678. It must also be labeled as a complaint; any exhibits must also be designated as exhibits and cited to with specificity in accordance with applicable law. *See, e.g.*, Fed. R. Civ. P. 10; LCR 10. The Court notes that it will not search through voluminous exhibits to attempt to discern Clark's claims; "[n]either defendants nor the Court are obligated to search through hundreds of pages in order to determine" what allegations a plaintiff is attempting to make; "the burden of providing 'a short and plain statement of the claim showing that the pleader is entitled to relief' falls squarely on plaintiff." *Wilder v. United States*, No. C21-0206RSL, 2021 WL 2404318, at *1 (W.D. Wash. May 4, 2021).

**C. Clark's Motion to Appoint Counsel is Denied**

Clark requests that the Court appoint counsel to represent her. Dkt. No. 13. "Unlike in criminal cases that implicate the Sixth Amendment right to counsel, civil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). The Court does, however, have

discretion to “request” appointment of counsel for indigent litigants pursuant to Section 1915(e)(1) in “exceptional circumstances.” *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The exceptional-circumstances inquiry requires the Court to consider “the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.” *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1986). Neither consideration is dispositive, and the Court must view them together. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Given the Court’s conclusion that Clark’s current complaint articulates her circumstances, yet fails to establish a meritorious claim, she has not demonstrated exceptional circumstances warranting the appointment of counsel. Furthermore, this case does not appear to present the type of legally or factually complex issues that would preclude Clark from adequately articulating her claims pro se. That Clark might *more* articulately set forth the facts underlying her claim with the assistance of counsel is not the test. *Steiner v. Hammond*, No. C13-5120-RBL, 2013 WL 3777068, at *2 (W.D. Wash. July 16, 2013). “While almost any pro se litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of ‘exceptional circumstances.’” *Hernandez v. Faulkner*, No. 3:24-CV-00278-ART-CLB, 2026 WL 257440, at *1 (D. Nev. Jan. 30, 2026) (quoting *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc)). Therefore, the Court declines to appoint counsel.

**D. Clark’s Motions to Stay Are Denied**

The Court denies Clark’s two motions to stay proceedings and request for additional time for service. Dkt. Nos. 10, 11, 17. Litigants in federal court proceed on the Court’s schedule, not their own.

## III. CONCLUSION

The Court accordingly DISMISSES Clark's complaint, DENIES her motions to stay/for extensions as moot and improper, DENIES her motion to appoint counsel, and STRIKES her second and third amended complaints. Dkt. Nos. 7, 10, 11, 13, 14, 15, 17. Clark may file an amended complaint within **21 days of the date of this Order.** Any amended complaint will supersede the original complaint. *See Ferdik*, 963 F.2d at 1262 (noting the "well-established doctrine that an amended pleading supersedes the original pleading"). The Court notes that pro se plaintiffs do not have greater rights than plaintiffs represented by counsel, *Jacobson v. Filler*, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986), and they "are subject to the same procedural requirements as other litigants," *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). The Court accordingly "expects all parties—pro se and those represented by counsel—to comply with the Court's procedural rules." *Capello v. Sziebert*, No. C13-5275BHS-JRC, 2014 WL 2465283, at *1 (W.D. Wash. June 2, 2014). Clark must ensure that her filings are procedurally appropriate, or else they will continue to be dismissed, stricken, or denied, and the Court may also impose sanctions.

Dated this 2nd day of September, 2026.

Lauren King
United States District Judge